[ ] AMENDED

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

---

**In re:**                                                                                                    **Case No.**

LAKESHA AMAN

**Debtor(s).**                                                                                                **Chapter 13**

---

## CHAPTER 13 PLAN

---

**ADDRESS:** (1) 7348 HILLSHIRE DRIVE          (2) _____
Memphis, TN 38133

**PLAN PAYMENT:**

**DEBTOR (1)** shall pay $ 121        (✓) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

(✓) **PAYROLL DEDUCTION** from: TJX                                                                  **OR** ( ) **DIRECT PAY**.
770 COCHITUATE BOX 9146
FRAMINGHAM MA 01701

**DEBTOR (2)** shall pay $ _____     ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

( ) **PAYROLL DEDUCTION** from: _____                                **OR** ( ) **DIRECT PAY**.

1. **THIS PLAN [Rule 3015.1 Notice]:**

   (A) **CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]**                 ( ) YES (✓) NO

   (B) **LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE**           ( ) YES (✓) NO
       **COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]**

   (C) **AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].**              ( ) YES (✓) NO

2. **ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE:** (✓) Included in Plan; **OR** ( ) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT:** Paid by: ( ) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:        Monthly Plan Payment:

   _____; ongoing payment begins _____     $ _____
   Approximate arrearage: _____                      $ _____
   _____; ongoing payment begins _____     $ _____
   Approximate arrearage: _____                      $ _____

5. **PRIORITY CLAIMS:**
   _____  Amount: _____            $ _____
   _____  Amount: _____            $ _____

6. **HOME MORTGAGE CLAIMS:** ( ) Paid directly by Debtor(s); **OR** ( ) Paid by Trustee to:

   _____; ongoing payment begins _____     $ _____
   Approximate arrearage: _____ Interest _____%             $ _____
   _____; ongoing payment begins _____     $ _____
   Approximate arrearage: _____ Interest _____%             $ _____

7. **SECURED CLAIMS:**
   [Retain lien 11 U.S.C. §1325 (a)(5)]     Value of Collateral:    Rate of Interest:    Monthly Plan Payment:
   _____                   _____          _____%              $ _____
   CAPITAL ONE AUTO                         11000                   5.25 %               $ 220
   _____                   _____          _____%              $ _____

8. **SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

   [Retain lien 11 U.S.C. §1325(a)]        Value of Collateral:        Rate of Interest:        Monthly Plan Payment:
   _____        _____        _____%        $ _____
   _____        _____        _____%        $ _____
   _____        _____        _____%        $ _____

9. **SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**
   _____        Collateral: _____
   _____        Collateral: _____

10. **SPECIAL CLASS UNSECURED CLAIMS:**
                                          Amount:                  Rate of Interest:        Monthly Plan Payment:
    _____        _____        _____%        $ _____
    _____        _____        _____%        $ _____
    _____        _____        _____%        $ _____

11. **STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**
    _____        ( ) Not provided for    **OR**    ( ) General unsecured creditor
    _____        ( ) Not provided for    **OR**    ( ) General unsecured creditor

12. **THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**
    _____
    _____

13. **ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

14. **ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:** _____.

15. **THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

    ( ) _____%, **OR,**

    (✓) **THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.**

16. **THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**
    _____        ( ) Assumes    **OR**    ( ) Rejects.
    _____        ( ) Assumes    **OR**    ( ) Rejects.

17. **COMPLETION:** Plan shall be completed upon payment of the above, approximately  60  months.

18. **FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

19. **NON-STANDARD PROVISION(S):**
    _____
    _____
    _____.

    **ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

20. **CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**


   /s/Thomas C. Fila_____        DATE: 2/25/19_____.
   **Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**